[Civ. No. 11060.   First Appellate District, Division Two.—November 17, 1939.]

J. F. FORBES, Plaintiff and Appellant, v. M. F. MATTOS et al., Defendants and Appellants.

Harold F. Riede for Plaintiff and Appellant.

Carl L. Christensen, Jr., and Yale S. Kroloff for Defendants and Appellants.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for injuries to an automobile caused by a collision. In his complaint he made M. R. Mattos, the driver, a defendant, and J. G. Wilkins, the owner, also a defendant. The former filed an answer and cross-complaint. The latter filed an answer. The cross-complaint was answered and the action was tried before a jury on all of the issues made by the pleadings. The jury returned a verdict in favor of the defendants on plaintiff's complaint and in favor of the plaintiff on the defendant's cross-complaint. From the judgment entered thereon plaintiff has appealed.

The accident occurred on the highway at a point about midway between Sausalito and San Rafael. At that point the highway runs practically north and south. It is divided into three lanes. On the west side, twenty or twenty-five feet distant, is a platform used as a milk station. On the morning of February 16, 1938, the neighborhood was covered by a heavy fog. There was testimony that the visibility was about fifty feet. At about 7:45 A. M. the defendant M. R. Mattos drove a milk truck northerly on said road. He had his lights lit and traveled in the easterly lane until about one hundred feet from the milk station and then commenced to cross the center lane to the station. There was testimony that as he drove to the north he was traveling about thirty miles per hour and as he commenced to turn he reduced his speed to about ten miles per hour. There was testimony that

before commencing to make the turn he was looking to the north and saw no vehicle approaching. There was also testimony that as he made the turn he had his arm extended giving the statutory signal. When his truck was practically in the center lane the plaintiff approached from the north driving a Lincoln sedan. There was testimony that as he approached the truck he was traveling forty or fifty miles an hour; that he was driving along the center lane and his lights were not lit; and that at a point in the center lane, about opposite the milk station, the truck and sedan collided. There was also testimony that one other vehicle occupied the highway. That car was being driven by Lawrence A. Downing and was traveling behind the truck in the direction of San Rafael. It was so close to the truck that as the truck turned to the left Downing's car passed in the rear at about the time the Lincoln car collided with the truck. He was so close to the collision that milk was splashed on him. The left front end of the Lincoln car struck the truck on its right-hand side with such force that the truck was turned facing the south and then the Lincoln car advanced at an angle to the west and came to a stop about twenty feet beyond the truck.

The plaintiff does not controvert the fact that there was evidence supporting the verdict, but he earnestly contends the evidence to the effect that he was driving in the center lane was ''so obviously false or so inherently improbable as to require its rejection''. That contention he predicates on the following facts and circumstances: (1) the injuries to the plaintiff's car as shown by the estimated repairs to restore his car; (2) that the collision was not head-on; (3) that his car did not approach the Mattos truck going straight toward the latter; (4) that the cars changed their courses in less than one second; (5) the position of the cars after the impact; and (6) that from the physical facts it must be assumed the plaintiff was correct in his testimony wherein he claimed the accident occurred in the west lane. A mere statement of the foregoing specifications shows there was nothing obviously false or inherently improbable in the testimony quoted above. All of the eye-witnesses except the plaintiff stated the facts differently than as claimed by him. Furthermore, the question whether the cars collided as stated above, or head-on, cannot be conclusively determined, as plaintiff contends, by an application of the laws regarding rolling

484

bodies. (*Corcoran* v. *Ward*, 115 Cal. App. 180, 185, 186 [1 Pac. (2d) 455].) Bearing in mind that automobiles roll on rubber tires and travel over roads that are not absolutely level plains, it is at once apparent there is no general law that is applicable. We think there is no merit in the point.

■ In his complaint the plaintiff charged the defendants with negligence. In their pleadings the defendants charged plaintiff with contributory negligence. To the facts hereinabove recited, it may be added that on the trial the plaintiff took the stand as a witness in his own behalf. He described the milk station where the accident happened. He showed it is screened by hills on the north and is not in full view until one passes the hill. He stated he was familiar with traffic conditions at said point, and that drivers slowed down on passing it because of the crossing and recrossing of milk trucks. Later the plaintiff requested the trial court to give these two different instructions:

"You are instructed that the plaintiff, J. F. Forbes, was under no legal duty at the time of the collision and immediately prior thereto to assume that the defendant would leave a place of safety and place the automobile under his control in a situation where it would make a collision unavoidable, when, by using ordinary and common knowledge, said defendant in so going across the highway knew or should have known that a collision would in all probability result."

"You are instructed that under the law it is not contributory negligence to fail to look for danger where there is no reason to apprehend it; in other words, negligence may not be charged to plaintiff when, under the circumstances, he had no reason to apprehend danger."

The trial court refused to give either of them. The second one the trial court marked "covered". In so ruling the trial court did not err. Both were properly refused. (*Poncino* v. *Reid-Murdock & Co.*, 136 Cal. App. 223, 232 [28 Pac. (2d) 932], and cases there cited.) ■ The plaintiff quotes four other "instructions given by the court bearing upon this issue", and contends they did not cover the requested instructions and that each was an incorrect application of the law to the instant case. We find no merit in the contention. As the record does not show to the contrary we must assume the four instructions herein last mentioned were given at the request of the plaintiff. We find that the jury was fully and

correctly instructed on all questions of law applicable to the case.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.