[Civ. No. 16344. Second Dist., Div. Two. July 9, 1948.]

JOHN ALEXANDER et al., Appellants, v. LEO
McDONALD et al., Respondents.

Mason & Howard, Arthur Lasher and C. Loy Mason for
Appellants.

Spray, Davis & Gould and Charles P. Gould for Respon-
dents.

McCOMB, J.—Plaintiffs appeal from a judgment in their
favor, after trial before a jury, in an action to recover damages
for injuries resulting from an automobile accident.

QUESTIONS PRESENTED FOR REVIEW

First: *Was the sum awarded each of the plaintiffs
as damages by the verdict of the jury and judgment thereon
inadequate?*

This question cannot be considered by us for the reason that the rule is established that the point that the damages are inadequate cannot be raised for the first time on appeal, but must be presented to the trial court on a motion for a new trial before an appellate court will consider whether the damages are inadequate or not. (*Baum* v. *Murray,* 23 Wn.2d 890 [162 P.2d 801, 807]. See also *Wood* v. *Keller,* 72 Cal. App.2d 14, 17 [163 P.2d 904] ; *Williams* v. *A. R. G. Bus Co.,* 47 Cal.App. 568, 570 [190 P. 1036] ; *Bate* v. *Jolin,* 206 Cal. 504, 508 [274 P. 971] ; cases cited in 2 New Cal. Dig., McKinney (1946), Appeal and Error, p. 273, § 237.)

In the instant case plaintiffs did not make a motion for a new trial. Therefore plantiffs did not comply with the foregoing rule and have waived the right to have the question of the inadequacy of the damages considered by this court.

█ Second: *Is plaintiffs' contention correct that the trial court erred in refusing to give three instructions on the subject of damages requested by plaintiffs?*

This question must be answered in the negative and is governed by this pertinent rule:

Before alleged error in the refusal to give an instruction will be reviewed on appeal, the record must show, (1) a proper request for such instruction, and (2) the ruling of the trial court refusing to give the requested instruction. (*Gilbert* v. *Peck,* 162 Cal. 54, 57 [121 P. 315, Ann.Cas. 1913C 1349] ; *Estate of Higgins,* 156 Cal. 257, 266 [104 P. 6] ; *McFate* v. *Zuckerman,* 130 Cal.App. 172, 179 [19 P.2d 532. █ In the absence of such a record it will be presumed on appeal that the requested instruction was given. █ In the absence of a contrary showing in the record, all presumptions in favor of the action of the trial court will be indulged by an appellate court. █ The burden is upon the appellant to show that error has been committed in the trial court. (*Forbes* v. *Mattos,* 35 Cal.App.2d 481, 484 [96 P.2d 166]. See, also, *DeLannoy* v. *Grammatikos,* 126 Cal.App. 79, 86 [14 P.2d 542] ; *Estate of Allen,* 177 Cal. 668, 674 et seq. [171 P. 686].) The record in the instant case fails to show that the trial court refused to give the requested instructions, hence the foregoing rules are applicable.

Since no error appears in the record, the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.