[Civ. No. 18997.   Second Dist., Div. Two.   Oct. 17, 1952.]

FRANK R. VIERA, Appellant, v. CHARLES F. GORDON et al., Respondents.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.

James V. Brewer for Respondents.

McCOMB, J.—From a judgment in favor of defendants in a trial before a jury in an action to recover damages for injuries resulting from a collision between plaintiff's automobile and horses belonging to defendants, plaintiff appeals.

*Facts*: On January 13, 1950, plaintiff was driving his automobile in an easterly direction on Foothill Boulevard at about 11:15 p.m. when certain horses of defendants, which had broken out of their enclosure and were on the highway, were hit by plaintiff's automobile, causing plaintiff to lose control of the car with the result it struck an orange tree and plaintiff was injured.

During the course of plaintiff's examination the following occurred:

"Q. Mr. Frank R. Viera, you were during the year 1951 in this County convicted of a felony, were you not,——

"Mr. Rinehart: If your Honor please,——

"Q. By Mr. Brewer: (Continuing)—of section 273d of the Penal Code, wife beating?

"Mr. Rinehart: We object to that as improper interrogation, and submit that the record will not so disclose. It was a misdemeanor.

"The Court: If it was a misdemeanor, counsel,——

"Mr. Brewer: No, it was a felony.

"Mr. Rinehart: Oh, no, it was a misdemeanor.

"The Court: If the net result of the proceedings was that he was charged with a felony and that was reduced to a misdemeanor, then the question is improper.

"Mr. Rinehart: And we charge counsel with misconduct in presenting the matter in that manner. We think it is highly prejudicial. This man was not convicted of a felony, and we challenge the record.

"The Court: Do you have the record, Mr. Brewer?

"Mr. Brewer: It is a record of this court.

"The Court: Well, where is the record?

"Mr. Brewer: It is in the County Clerk's Office."

Shortly after the foregoing colloquy took place plaintiff's counsel moved for a mistrial because of the misconduct of defendants' counsel, whereupon the following occurred:

"The Court: Can't the Court call for the file and rectify the situation?

"Mr. Rinehart: I do not believe it can be rectified. My man feels it was tremendously embarrassing, and we are asking the Court to declare a mistrial. . . .

"The Court: Mr. Clerk, will you get the file? It probably would be in the Criminal Clerk's Office. You are making a motion for mistrial?

"Mr. Rinehart: Yes, sir.

"The Court: Denied. . . .

"The Court: Counsel, it is about ten minutes after three, and it is time for a recess. But before we recess I want to clear up this matter. I have called for the file in the case of *People* v. *Frank Viera,* the gentleman here on the stand. There was an information filed by the District Attorney of this County, Mr. Simpson, charging the defendant with violation—that is the defendant in that proceeding, Mr. Viera, the plaintiff in this proceeding,—charging him with violation of Section 273d of the Penal Code, which is, in effect, an assault to inflict corporal injury upon his wife, Effie N. Viera, which is a felony. That is, in other words, hitting his wife. Now, that information was filed, and as a result of that a trial was had, that is, a jury trial, as I understand it, and he was found guilty, but the effect of the sentence was to reduce the charge from a felony to a misdemeanor, the judgment of the Court being that the defendant was committed to two months in the County Jail, and in addition the defendant must pay a fine of $350 or defaulting in said payment defendant shall be punished by incarceration in the County Jail at the rate of one day for each five dollars of said fine not paid. Defendant to be allowed good conduct if earned. Although the charge was a felony the Court by imposing the sentence that it did, namely, sentencing him to two months in the County Jail plus a fine and so forth, in effect reduced the charge to a misdemeanor. In other words, it is the sentence that determines the gravity of the offense. If he had been sentenced to a State Penitentiary or sentenced and put on probation, but found guilty of a felony—say a sentence to the State Penitentiary was proscribed, but he was given probation, that would be a felony also. But in this case that is not true, so he has not been convicted of a felony. He was charged with one, but a charge is one thing, and the net result of what happened was to reduce the charge of a felony to a misdemeanor. So he was not found guilty of a felony. Now, in law one of the ways you can impeach a witness is to ask him if he has been convicted of a felony. A lawyer can ask such a question, but of course he must have some grounds for asking it, and in this case Mr. Brewer, looking at the file, thought that there were grounds. So we cannot ascribe

any thought that Mr. Brewer was malicious in asking that question. You are at liberty to ask a person, 'Have you been convicted of a felony?' and if he says 'no' that ends it. But if the defense or the attorney wants to prove up the fact that that was the situation, then, of course, he is at liberty to bring in the file to prove it. But under the circumstances here, although the charge was a felony charge, the sentence imposed by the Court reduced it from a felony to a misdemeanor. And the sentence to the County Jail demonstrates that. Because you do not put felons in the County Jail but in the Penitentiary. In other words, you cannot draw any inferences from the fact that the question was asked of this gentleman. That is to say, you cannot destroy his evidence on that ground, the ground that he has been convicted of a felony, because he has not been convicted of a felony.

"Mr. Rinehart: In other words, as I understand the effect of your Honor's statement, it is to instruct the jury that the question asked shall not be considered by the jury as reflecting in any way on the reputation for honesty and integrity of my client.

"The Court: That is right. In other words, you cannot draw any bad inference from the fact that the question was propounded."

█ *Questions*: First: *Did the trial court err in denying plaintiff's motion for a mistrial?*

*No.* In the first place defendants' counsel properly asked plaintiff on cross-examination if he had ever been convicted of a felony (Code Civ. Proc. § 2051),* and under this section it is proper to ask the witness the direct question of whether or not he has been convicted of a felony.

█ Secondly, it was plaintiff's counsel who stated the situation to the jury in the following language: "It was a compromise proposition, and this man was sentenced to 60 days in the County Jail, which he has served. He refused probation because he did not want to be dangled around under a probationary procedure."

---

*Section 2051 of the Code of Civil Procedure reads:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony unless he has previously received a full and unconditional pardon, based upon a certificate of rehabilitation."

■ Lastly the trial court adequately instructed the jury to disregard the question concerning the conviction of a felony and it will be presumed, in the absence of a showing to the contrary, that the jury followed this instruction. (*Tingley* v. *Times-Mirror Co.*, 151 Cal. 1, 23 [89 P. 1097]; *Fleming* v. *Flick*, 140 Cal.App. 14, 35 [35 P.2d 210].)

Hence plaintiff has failed to show any prejudicial error in the question to which he now objects.

■ Second: *Did the trial court commit prejudicial error in instructing the jury as set forth below?*

"You are instructed that the driver of any vehicle approaching any livestock is required to exercise proper control of his vehicle and shall reduce his speed in order to avoid frightening and to safeguard any such animal. *This section of the Vehicle Code would not apply if the horses bolted onto the highway.*"

*No.* Section 532 of the Vehicle Code reads:

"The driver of any vehicle approaching any horse-drawn vehicle, any ridden animal or any livestock shall exercise proper control of his vehicle and shall reduce speed or stop as may appear necessary or as may be requested by any person driving or riding any animal or by any person in charge of any such livestock in order to avoid frightening and to safeguard any such animal or livestock and to insure the safety of any person driving or riding such animal or in charge of such livestock."

Plaintiff complains of the last sentence in the foregoing instruction. However, such sentence, if erroneous, was favorable to plaintiff and was not prejudicial, therefore he may not urge error in the giving of it on appeal.

Since plaintiff failed to offer additional or different instructions he may not now urge error of the court in not further amplifying the law in its instructions to the jury. (*Alexander* v. *McDonald*, 86 Cal.App.2d 670, 671 [195 P.2d 24].)

Affirmed.

Moore, P. J., and Fox, J., concurred.