[Civ. No. 20232. Second Dist., Div. One. Aug. 17, 1954.]

Estate of SUSAN ANN BLAIR, Deceased. HARRY A. PINES et al., Respondents, v. ALFRED GRANVILLE BLAIR et al., Appellants.

Louis Thomsen for Appellants.

Harry A. Pines, Adele Walsh and Roy B. Woolsey, in pro. per., for Respondents.

DRAPEAU, J.—Among the items in this estate were an apartment house and parking lot in Pasadena, across the street from the Pasadena city hall. The property was appraised in the probate estate for $106,000. It had been appraised for $145,000 in the guardianship estate of decedent.

The county of Los Angeles became interested in the parking

*Assigned by Chairman of Judicial Council.

lot. Later on the county decided to acquire both parcels. Neither the county nor the estate could agree upon the value. It was therefore necessary for counsel for the estate to prepare for trial a defendant's case in eminent domain. Finally the county offered $157,500, which was accepted by the estate and approved by the probate court.

Counsel petitioned for extraordinary fees, objections were made, the matter was heard by the court, and an order made allowing counsel $10,000. From this order interested parties in the estate appeal. (See *Estate of Blair,* 126 Cal. App.2d 759 [272 P.2d 866].)

■ The probate court had before it evidence that supports the order. One of counsel testified to time spent in protracted negotiations, in familiarizing himself with values, preparing the legal case, and directing preparation for the presentation of the facts to a trial court.

It is only when there is a manifest abuse of discretion that a reviewing court will overrule such orders as this. (*Estate of Lundell,* 95 Cal.App.2d 352 [212 P.2d 914, 214 P.2d 23].)

The order is affirmed.

Doran, Acting P. J., and Mosk, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.