[Civ. No. 4927.   Fourth Dist.   Feb. 18, 1955.]

RALPH W. WARNER, Plaintiff and Appellant, v. PHILIP URBACH, Defendant and Appellant.

Barr & Hammond, Chatburn & Brickner and R. F. McLaren for Plaintiff and Appellant.

Mack, Bianco & King for Defendant and Appellant.

MUSSELL, J.—This is an intersection accident case in which a jury returned a verdict in favor of plaintiff in the sum of $615. Judgment was entered in accordance with the verdict and plaintiff appealed from "that portion only of the judgment . . . awarding inadequate damages to plaintiff." Plaintiff's injuries included a compression fracture of the third cervical vertebra and a dislocation of the second cervical vertebra on the third. He was in the hospital for 30 days, in a cast for three months, and was required to wear a brace for an additional two months. His special damages included $350 for services of a physician, $250 for hospital expenses, and an ambulance charge of $9.00. The jury awarded plaintiff all of these special damages but did not award him anything for general damages. No motion for a new trial was made by the plaintiff. ▪ Since he failed to present the question of inadequacy of damages to the trial court, it cannot be raised for the first time on appeal. Plaintiff has waived his right to have the question of the inadequacy of damages considered and determined by this court. (*Alexander* v. *McDonald,* 86 Cal.App.2d 670, 671 [195 P.2d 24].

Defendant appeals from "the whole of said judgment" and states his position on appeal to be (1) That plaintiff was guilty of contributory negligence as a matter of law and judgment should be ordered for defendant; (2) If it be determined that plaintiff was not guilty of contributory negligence as a matter of law, then the judgment for plaintiff for $615 should be affirmed. Defendant then "expressly consents to its affirmance for $615.00, in the event that judgment is not ordered for defendant under point one above."

Under the facts shown by the record we cannot here hold that plaintiff was guilty of contributory negligence as a matter of law. The accident occurred in the intersection of Scott Road and Osborn Road, about 1½ miles east of Tulelake in Siskiyou County. Scott Road runs north and south and Osborn Road runs east and west. Level fields surround the intersection on all sides and vegetation on these fields was not over 2 feet high at the time of the accident. Plaintiff, who was a carpenter, was going to work on the morning of September 11, 1951, and was driving his G.M.C. pickup truck south on Scott Road. It was a clear day and the visibility was good in all directions. Plaintiff testified that as he approached the intersection of Scott and Osborn Roads, he was traveling about 30 miles per hour; that "I

looked; I slowed down; I shifted into second gear; and at, say, 25 yards back, why, I looked both ways at the intersection. Then, I was going quite slowly. I shifted into second gear. I glanced to my right and I glanced to my left. I had the normal vision you have when you pass an intersection''; that he did not see any traffic coming within the normal distance a person would look approaching that intersection; that there was no stop sign but that he slowed down and proceeded to cross the intersection on the right-hand side of the road; that when he was within the intersection, he heard the screeching of brakes and felt the rear end of his truck ''get ticked''; that then there was a crash into the side of his car; that ''the main crash seemed to be to the front of my front door, my right front door''; that the car which struck him was a Buick being driven by defendant Urbach; that he did not see the Buick sedan before the collision.

Defendant Urbach testified that he was driving a Buick car east on Osborn Road; that two or three hundred feet back from the intersection on Scott Road he was traveling between 35 and 40 miles per hour; that he saw a car coming west on Osborn Road but did not see plaintiff's car until he (Urbach) was just beginning to enter the intersection; that he did not see plaintiff's car long enough to form an estimate of its speed; that the left front fender of his car collided with the rear of the right front fender of plaintiff's car.

A witness (Dugan) who was driving west on Osborn Road testified that he saw the accident and saw the two vehicles approaching the intersection; that he saw that plaintiff had reduced his speed when 150 feet north of the intersection, and at that time defendant's car was approaching and was approximately the same distance west of the intersection; that he estimated the speed of both cars at 35 to 40 miles per hour and that he did not notice whether the defendant reduced the speed of his car.

The point of impact was established by the highway patrol officer as ''approximately in line with the prolongation of the west edge of Scott Road and about 400 feet north of the prolongation of the south edge of Osborn Road.

The question of whether or not a plaintiff has been guilty of contributory negligence is usually one of fact for the jury. As was said in *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 241 [116 P. 513]:

" 'It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' "

As was said in *Dennis* v. *Gonzales*, 91 Cal.App.2d 203, 207 [205 P.2d 55] :

"Whether the established facts constitute contributory negligence as a matter of law may not be easily determined. Their solution depends upon 'the existing circumstances in each particular case.' "

Contributory negligence as a matter of law, can only be found where reasonable minds cannot but conclude that a reasonably careful and prudent person situated as was plaintiff would not have acted as he did. If the circumstances are such that reasonable minds can differ, or, if the evidence is in conflict, the finding of the trier of the facts is conclusive. (*Dickison* v. *LaThorpe*, 124 Cal.App.2d 190, 193 [268 P.2d 164].)

In the instant case the question whether plaintiff was guilty of contributory negligence was one of fact for the jury. (*White* v. *Davis*, 103 Cal.App. 531, 542 [284 P. 1086].) Defendant in his brief consented to the affirmance of the judgment for $615 in the event that it is determined that plaintiff was not guilty of contributory negligence as a matter of law.

The judgment is affirmed. Each party to pay his own costs on appeal.

Barnard, P. J., and Griffin, J., concurred.