[Civ. No. 20111.   First Dist., Div. Three.   Apr. 19, 1962.]

ADA JENKINS, Plaintiff and Appellant, v. ARTHUR F. DAHNERT, Defendant and Respondent.

ALBERT JENKINS, Plaintiff and Appellant, v. ARTHUR F. DAHNERT, Defendant and Respondent.

(Consolidated Cases.)

Ada Jenkins and Albert Jenkins, in pro. per., for Plaintiffs and Appellants.

568

Hagar, Crosby & Rosson, Carlisle C. Crosby and Burton Mason for Defendant and Respondent.

DRAPER, P. J.—Plaintiffs are husband and wife. In separate actions which were consolidated for trial, they sought damages for personal injuries sustained in an automobile accident. A jury awarded $4,000 to the husband and $203 to the wife. Although represented by counsel at trial, each appeals in propria persona. No motion for new trial was made. The sole issue raised on appeal is the claimed inadequacy of the damages awarded.

The amount to be awarded in a case of this type is a question of fact. Thus it is to be determined by the jury in the first instance, and reviewed by the court on motion for new trial (*Gersick* v. *Shilling*, 97 Cal.App.2d 641, 647-648 [218 P.2d 583]). The issue must be presented to the trial court by motion for new trial. It cannot be raised for the first time on appeal, whether it be claimed that the damages awarded are inadequate (*Warner* v. *Urbach*, 131 Cal. App.2d 5 [279 P.2d 1024]; *Alexander* v. *McDonald*, 86 Cal. App.2d 670 [195 P.2d 24]), or excessive (*Batè* v. *Jolin*, 206 Cal. 504, 508 [274 P. 971]).

We have, nonetheless, reviewed the record. The award to Mr. Jenkins exceeds by more than $500 the total special damages claimed to date of trial, and that to Mrs. Jenkins equals her claimed specials. As to Mr. Jenkins, there was evidence of another injury which the jury could have considered in reduction of his claim of expense attributable to this accident. As to Mrs. Jenkins, there was admittedly a full and complete recovery within some four weeks. Moreover, the jury was not required to accept the testimony supporting the claimed special damages of plaintiffs (*Gimbel* v. *Laramie*, 181 Cal.App.2d 77-80 [5 Cal.Rptr. 88]; *Morseman* v. *Mangum*, 177 Cal.App.2d 218, 222 [2 Cal.Rptr. 67]; *Nafus* v. *Freight Construction etc. Union*, 182 Cal.App.2d 120, 124 [5 Cal.Rptr. 924]). Even if gross inadequacy of the award would justify an attempt to distinguish the rule requiring raising of the issue below by motion for new trial, no such inadequacy is shown here.

Contrary to appellants' view, it is not the function of an appellate court to reassess damages (*Adams* v. *Pacific Motor Trucking Co.*, 172 Cal.App.2d 505 [342 P.2d 351]). Whatever award we might have made in the first instance, we can reverse only when, as a matter of law, the trial court's

award is without support in the evidence. That is not the case here.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 13, 1962.