[Civ. No. 19858.   First Dist., Div. Two.   May 16, 1962.]

RUTH E. LAJOIE, Plaintiff and Respondent, v. ANTONIO RAYMOND LAJOIE, Defendant and Appellant.

Antonio Raymond Lajoie, in pro. per., for Defendant and Appellant.

Newman, Marsh & Furtado and Manuel L. Furtado for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal in propria persona by the husband from a judgment of divorce awarding alimony, child support, and certain property to the respondent wife. Appellant contends that the judgment must be reversed because: 1) the parties were never validly married; 2) he was denied a fair trial; and 3) the awards of alimony and community property were excessive. There is no merit in any of these contentions.

Respondent filed her complaint for divorce on the grounds of extreme cruelty, and sought custody of three minor children. Appellant's answer admitted the marriage and separation, the existence of certain community property, and requested a divorce, division of community property, and an order fixing child support. Before the trial, appellant retained Orville C. Pratt IV, Esq., who arranged for depositions of both parties and obtained permission to amend the answer and deny the validity of the marriage.

The evidence adduced at the trial indicated that the parties began living together in Augusta, Maine, in October, 1936. Their three children were born on January 30, 1938, May 20, 1939, and September 13, 1941. In September 1942, the parties moved with their three children to Rhode Island where, in February 1944, the fourth child was born. When the appellant entered the armed forces, he obtained a government allotment for the children and for the respondent, as his common-law wife. In 1944, the parties lived in Texas where the appellant was then stationed with the Air Force. At this time, the appellant suggested that they go through a marriage ceremony; respondent refused indicating that she did not think it was necessary because she was his wife and the marriage was recognized by the government. Subsequently, the appellant obtained a dependency discharge based on the ill health of his "common law wife." Subsequently, the parties returned to Rhode Island, then lived in Colorado for several years, and moved to California in 1950.

The trial court found that the parties had cohabited as husband and wife with mutual consent over a period of time and, therefore, established a valid common-law marriage under the laws of Rhode Island, Texas and Colorado; that the respondent was entitled to a divorce on grounds of extreme cruelty and was entitled to support for the minor children, and alimony of $50 per month; that the community property of the parties was to be divided between them, and that the

respondent was entitled to costs and attorney fees, and entered its interlocutory decree of divorce accordingly.

Appellant's first argument on appeal is, in effect, insufficiency of the evidence to support the judgment. Appellant particularly attacks the findings relating to the existence of a valid common-law marriage, arguing that the respondent repeatedly refused to go through a ceremonial marriage with him. The uncontroverted evidence established, however, that the parties lived together by mutual consent and publicly held themselves out as husband and wife in every respect for a period of over 22 years; that a valid common-law marriage was established under the laws of various states. From the evidence, the trial court could reasonably conclude that respondent's refusals to engage in a ceremonial marriage were based on a misconception of the law. The record overwhelmingly sustains each and every finding of the trial court.

The next contention, raised for the first time on this appeal, is that the appellant was denied a fair trial because his attorney was working against him and did not permit him to fully state his grievances against the respondent. The record, however, is devoid of any facts to support this contention. Furthermore, it is elementary that questions not raised in the trial court will not be considered on appeal.

Appellant's final contention is that the awards of alimony and community property to the respondent were excessive. While this matter also should have been raised below (*Alexander* v. *McDonald*, 86 Cal.App.2d 670 [195 P.2d 24]), we note that the record indicates that the trial court made an excellent equitable division of the community property of the parties by awarding one automobile, the real property and household furniture to the respondent, and the other automobile, retirement fund and other liquid assets to the appellant.

Respondent, in her brief, attempts to renew her motion for attorney fees and costs on appeal. This motion was denied in June 1961, by this court, as the respondent had not at that time commenced any proceedings for attorney fees on appeal pursuant to section 137.3 of the Civil Code, in the trial court, nor does the record indicate that she has commenced any such proceedings since.

Judgment affirmed.

Motion for attorney fees and costs denied.

Shoemaker, J., and Agee, J., concurred.