Filed 3/29/16  Chaker v. Troxel CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, | D061969 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00100132-CU-CR-CTL) |
| HAROLD RAYMOND TROXEL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Nicole Chaker, in pro. per., for Plaintiff and Appellant.

Joseph Barr & Associates, Joseph J. Barr, Jr., and Gary L. Ritchie for Defendants and Respondents.

Plaintiff Nicole Chaker had a long-running dispute with her neighbors, defendants Harold Troxel (Husband) and Barbara Bolla (Wife), which culminated in an October 2008 confrontation between them.  Chaker then filed this action, pleading numerous

claims against Husband, Wife, and their daughter, defendant Sarah Bolla (Daughter), seeking both compensatory and punitive damages.

Because Chaker sought punitive damages and a jury trial, the liability issues were bifurcated from the punitive damage issue, tried and determined by the jury during the first phase. On the liability issues, the jury returned a special verdict entirely exonerating Daughter on all of Chaker's claims, and exonerating Husband and Wife on all but two of Chaker's claims. However, the jury did find in favor of Chaker and against Husband and Wife on Chaker's claims for assault and battery, and awarded Chaker $1,000 as compensatory damages on those claims and also found Husband and Wife acted with malice. Because of the malice finding, the jury proceeded to the second phase, submitted to the jury without the parties introducing any additional evidence, and the jury awarded punitive damages of $1,000 against Husband and Wife. After the court entered judgment and Chaker's motion for new trial was denied, Chaker appealed. On appeal, Chaker raises four claims of error, which we examine serially.

## FACTS[1]

The facts, viewed most favorably to the judgment, showed Chaker was a contentious neighbor. On October 4, 2008, when Chaker was outside watering her property with a garden hose, a verbal confrontation between Chaker and Wife ensued, and Chaker sprayed Wife with a garden hose. Wife tried to retaliate with her own garden hose but was unsuccessful because her water pressure was too weak.

---

[1]    Because of the nature of Chaker's claims on appeal, we need only provide a truncated recitation of the evidence presented below.

Husband was arriving home at that time. He began approaching Chaker's car, which she had just entered, and bent down and pretended to pick up an object to throw at her car to chase her away. Chaker began driving her car toward Husband, who was standing near the gutter in the street where there were trash cans. Husband put his hand onto a trash can, pushed it in front of Chaker's oncoming car, and jumped back onto the curb to avoid being struck. The trash can apparently struck the car but caused no observable damage.

ANALYSIS

A. The Inconsistent Verdicts Claim

Chaker first contends the verdict exonerating Husband and Wife on Chaker's claim of elder abuse must be reversed because it is irreconcilable with the special verdicts. The jury found Chaker was over 65 years of age at the time of the conduct, and found Husband and Wife engaged in conduct amounting to a civil assault and a battery. Chaker contends those findings necessarily compelled the conclusion Husband and Wife committed elder abuse, and therefore the court erred when it denied her new trial motion based on inconsistent verdicts.

*Legal Framework*

" 'The inconsistent verdict rule is based upon the fundamental proposition that a factfinder may not make inconsistent determinations of fact based on the same evidence. . . . "Where the findings are contradictory on material issues, and the correct determination of such issues is necessary to sustain the judgment, the inconsistency is reversible error." ' " (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc.*

3

(2005) 126 Cal.App.4th 668, 682.)  However, when a court is confronted with a claim of inconsistent general and special verdicts, as here, the first principle is that "they must be harmonized if there is any 'possibility of reconciliation under any possible application of the evidence and instructions.  If any conclusions could be drawn thereunder which would explain the apparent conflict, the jury will be deemed to have drawn them.' [(Quoting *Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 540-541.)]  Furthermore, 'if inconsistent *special* findings are rendered, one of which supports, and the other of which tends to negate, the general verdict, the latter will stand.'  (*Id*. at p. 541.)"  (*Lambert v. General Motors* (1998) 67 Cal.App.4th 1179, 1183.)

*Analysis*

The elements of "elder abuse," as statutorily enumerated in Welfare and Institutions Code section 15610.07 and pertinent here, require a showing of "[p]hysical abuse . . . *with resulting physical harm or pain or mental suffering*."  (*Id*., subd. (a)(1), italics added.)  "Physical abuse" is defined to mean "[a]ssault, as defined in Section 240 of the Penal Code" or "[b]attery, as defined in Section 242 of the Penal Code."  (Welf. & Inst. Code, § 15610.63, subd. (a)(1) & (2).)  However, not *any* assault or battery satisfies the statutory elements for elder abuse.  Under the plain language of the statute, the plaintiff "must also allege (and ultimately prove by clear and convincing evidence) that the [conduct] *caused the elder or dependent adult to suffer physical harm, pain or mental suffering*."  (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 407, italics added.)

4

We conclude the verdicts are not inconsistent because the elder abuse statute requires an assault or a battery that caused the victim to suffer physical harm, pain or mental suffering. However, a person can commit an assault *without ever touching the victim* (*People v. Wyatt* (2012) 55 Cal.4th 694, 702), and can commit a battery *by any slight touching even though it caused no harm or injury*. (See, e.g., *People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 12 [" 'It has long been established, both in tort and criminal law, that "the least touching" may constitute battery. In other words, *force* against the person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark.' "].) Because the jury here could have found Chaker proved (by a preponderance of the evidence) that Husband and Wife assaulted her, or caused some slight touching to her, but simultaneously concluded she had not shown (by clear and convincing evidence) she suffered physical harm, pain or mental suffering as a result, the verdicts finding Wife committed battery and Husband committed an assault and a battery but neither committed elder abuse can be harmonized and therefore Chaker's claim of inconsistent verdicts is without merit.

B. The Punitive Damages Claims

The jury awarded Chaker $1,000 in punitive damages. Chaker seeks reversal, and a new trial on the punitive damages issue, asserting two claims of error. First, she claims the trial court erred when it denied her attorney's request to introduce evidence concerning the defendants' net worth on which to predicate the punitive damages award. Second, she claims the amount awarded by the jury was inadequate.

5

*Background*

In the early evening of December 20, 2011, the jury informed the court it had reached a verdict in the liability phase of the proceedings and, after counsel and the court engaged in an unreported sidebar conference, the verdict was read. After counsel and the court engaged in another unreported sidebar conference, the court informed the jury it was required to determine the punitive damages issue and instructed the jury on punitive damages. The jury then deliberated and returned an award that evening in the amount of $1,000.

*The "Separate Hearing" Claim*

Chaker asserts the court erred when it overruled her attorney's demand to introduce evidence about the defendants' net worth, at a separate hearing, for the jury to consider when evaluating the punitive damages award. However, Chaker may not complain on appeal because there is no record her attorney *objected* to having the jury consider and reach a decision on the punitive damages award without additional evidence of defendants' net worth. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 678-679 [on a silent record, appellate court presumes trial court acted correctly; " '[I]t is incumbent upon . . . appellant . . . to make certain that the trial court has ruled [on the appellant's request] and that the record on appeal discloses that ruling before the alleged ruling may be assigned as error. [Citations.]' "].) The record contains only an unrecorded sidebar conference between counsel and the court, after which the court informed the jury it was required to determine the punitive damages issue (and instructed

6

it on that issue) and the jury deliberated and reached its award.  Chaker's attorney made no objection on the record to that procedure.

Chaker is correct that punitive damages are based, in part, on a defendant's financial condition (*Bullock v. Phillip Morris USA, Inc., supra,* 159 Cal.App.4th at p. 690, fn. 18), and some evidence of that financial condition is ordinarily necessary to support a punitive damages award.  (*Dumas v. Stocker* (1989) 213 Cal.App.3d 1262, 1267-1270.)  However, Chaker cites no authority suggesting the parties may not *agree*[2] to submit the punitive damages issue to the jury without a separate evidentiary hearing on the defendant's financial condition, particularly when (as here) some evidence of the defendants' financial circumstances had already been introduced at trial.  Because the record permits the conclusion Chaker's counsel agreed to the procedure employed below, she may not predicate error on that procedure.  (*Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1000 [" 'Under the doctrine of invited error, when a party by its

---

[2]    The only indication of what transpired at trial concerning this question was that, in Chaker's motion for new trial, her attorney averred, during an unreported sidebar conference, he told the trial judge he "believed [he] was entitled to introduce evidence on Defendants' financial condition."  However, in reply to the new trial motion, defense counsel averred that, during an unreported sidebar conference before the verdict was read, "[a] conversation ensued regarding how to best handle the next phase of trial.  [¶] . . . [Plaintiff's counsel], the Court and I discussed going to the next phase of jury deliberations immediately after the reading of the verdict, without presentation of any additional testimony or evidence.  [Plaintiff's counsel] and I both agreed upon proceeding to the next phase of jury deliberations without the presentation of any additional testimony or evidence.  [¶] . . . [¶] . . .  At no time did [Plaintiff's counsel] object to not putting on any additional evidence on any issue, let alone the issue of my clients' financial condition."

own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error.' "].)

*The "Inadequate Award" Claim*

Chaker next asserts the amount awarded as punitive damages was inadequate. We conclude this claim was waived below and has been waived on appeal.

When an appellate court reviews a claim that the damage award below was inadequate, it is mindful that "[t]he amount to be awarded in a case of this type is a question of fact. Thus it is to be determined by the jury in the first instance, and reviewed by the court on motion for new trial [citation]. The issue must be presented to the trial court by motion for new trial [and] cannot be raised for the first time on appeal . . . ." (*Jenkins v. Dahnert* (1962) 202 Cal.App.2d 567, 568.) Although Chaker moved for a new trial, the only arguments she presented in support of that motion were the inconsistency of the verdicts and the erroneous preclusion of evidence of the net worth of the defendants. She cannot raise the issue of inadequate damages on appeal. (*Schroeder v. Auto Driveaway Co.* (1974) 11 Cal.3d 908, 918, fn 6.)

Moreover, even assuming Chaker had preserved the issue below, a claim asserting inadequate damages is merely a subset of those appeals challenging sufficiency of the evidence to support the judgment. (See generally *Jenkins v. Dahnert, supra,* 202 Cal.App.2d at pp. 568-569 [amount of damage award is fact question and may only be reversed when "award is without support in the evidence"].) When an appellant claims the evidence is insufficient to support the judgment, the appellant's opening brief must set forth *all the material evidence on point;* the brief cannot merely state facts favorable to

8

appellant. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Bresnahan v. Chrysler Corp.* (1998) 65 Cal.App.4th 1149, 1153, fn. 5.) When appellant's opening brief states only the favorable facts, ignoring evidence favorable to respondent, the appellate court may treat the substantial evidence issues as *waived* and presume the record contains evidence to sustain every finding of fact. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 ["Because plaintiff has failed in his obligations concerning the discussion and analysis of a substantial evidence issue, we deem the issue waived."]; *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [appellant cannot shift burden of presenting all material evidence to respondent, nor is appellate court required to undertake independent examination of record when appellant " 'has shirked his responsibility in this respect.' "].)

Here, Chaker's opening brief is almost entirely devoid of *any* reference to the evidence presented below. She only briefly alludes to a few facts she deemed favorable to her arguments while entirely ignoring all evidence favorable to defendants. Under these circumstances, we deem waived on appeal any claim of inadequate punitive damages.

C. Challenge to the Verdict in Favor of Daughter

Chaker finally contends that, because the evidence "clearly indicated" Daughter instigated and participated in the conduct against Chaker occurring on October 4, 2008, the court erred when it did not enter judgment against Daughter for elder abuse or false imprisonment. However, Chaker did not move for a judgment notwithstanding the verdict, and therefore waived at trial any claim the court erred in failing to enter judgment

9

against Daughter notwithstanding the jury's verdict in Daughter's favor.  (*Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780, 779-781 [party may not raise new theory for first time on appeal and this rule "is to be stringently applied when the new theory depends on controverted factual questions"].)  Moreover, Chaker's claim—that the evidence did not support the verdict in Daughter's favor—is also waived on appeal, because (as discussed above) Chaker's brief states only the few facts she deemed favorable to her arguments while entirely ignoring all evidence favorable to Daughter.  (*Doe v. Roman Catholic Archbishop of Cashel & Emly, supra,* 177 Cal.App.4th at p. 218.)

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.



McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.