[Civ. No. 19488. Second Dist., Div. Two. Sept. 30, 1953.]

ADELINE V. BALDWIN, Appellant, v. JOHN ELWOOD BALDWIN, Respondent.

Nathan Kline for Appellant.

John E. Sisson for Respondent.

FOX, J.—Plaintiff appeals from an order denying her motion to modify the interlocutory and final decrees of divorce so that they will provide for her support, her counsel fees and costs.

In her notice to the clerk plaintiff only requested that the following papers be incorporated in the record on appeal:

1. The judgment roll;
2. The notice of appeal;
3. All minute orders made in this proceeding;
4. All exhibits admitted in evidence;
5. Notice and request for clerk's transcript.

The minutes show plaintiff and defendant testified at the hearing and that one exhibit, viz., a property agreement executed by the parties on April 11, 1950, (more than three months after the final decree) was received in evidence. Plaintiff has not furnished us with any transcript of the evidence. The minutes only reveal the action taken by the court. They do not disclose the reason for the denial of plaintiff's motion. Although plaintiff argues in her brief that the court erroneously disclaimed jurisdiction, there is nothing in the clerk's transcript to sustain her position.

It is elementary that the burden is on an appellant to show sufficient basis for the reversal of the order or judgment from which he appeals. (*Finnegan* v. *Finnegan*, 64 Cal.App.2d 109, 111 [148 P.2d 37]; *Gossman* v. *Gossman*, 74 Cal.App.2d 233, 235 [168 P.2d 495].) On the record before us there is no indication of error. (*Utz* v. *Aureguy*, 109 Cal.App.2d 803, 806-807 [241 P.2d 639].) We must therefore presume that there was ample foundation for the court's order. (*McMahon* v. *Merrill*, 112 Cal.App.2d 454, 455 [246 P.2d 73].)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 19, 1953.