[Civ. No. 26900. Second Dist., Div. Two. May 15, 1963.]

LEO WOOLFORD, Plaintiff and Appellant, v. CHARLES DENBOW et al., Defendants and Respondents.

Silverton & Silverton and David Silverton for Plaintiff and Appellant.

Robert C. Gustaveson, City Attorney (Pomona), for Defendants and Respondents.

FOX, P. J.—Plaintiff, the registered owner of a certain automobile, sued the City of Pomona and two of its police officers for conversion of the vehicle. The court rendered judgment for the defendants. Plaintiff has appealed.

Plaintiff claimed that the two officers, as a personal favor to his former wife, required a party in rightful possession of the vehicle to give it up and deliver it to her. The defendants asserted that the officers were on the scene in response to a regular police call made in the normal course of business.

On June 18, 1960, Joyce Ada Woolford, then wife of the plaintiff, went to the home of Kenneth E. and Harriet Kampmiar at 640 West Third Street, in the City of Pomona. Mrs. Woolford demanded a Corvair automobile which she claimed belonged to her. By the time of the trial Harriet Kampmiar had married the plaintiff herein.

Officer Denbow testified he did not know Joyce Woolford before the event above mentioned; that he went to the above address by reason of a radio dispatch. Officer Outhier testified that he received a call from the Communications Division of the Pomona Police Department to go to the above address; that there was a disturbance of the peace at that place. The officers were in different police vehicles.

Joyce Woolford testified that she did not know the officers

before they came to the scene of the disturbance; that she asked Mr. Kampmiar to go to Jack Geiger's house and call the police. Geiger testified he called the police at the request of Mr. Kampmiar who stated that Mrs. Woolford asked him to call the police and that he asked Geiger to make the call.

At the scene, Mrs. Kampmiar handed the keys to the Corvair to Mrs. Woolford; Mr. Kampmiar unlocked the garage. Mrs. Woolford backed the Corvair out of the garage and drove away. The officers then left.

Prior to the trial, plaintiff caused Ralph Parker, Pomona Chief of Police, to be served with a subpoena duces tecum requiring him to produce at the trial certain police records relating to calls made to the police department during a five-day period (June 16 to 20, inclusive) relative to a disturbance at the Kampmiar home and any reports the officers may have made as a result of their investigation of this disturbance. Chief Parker did not appear at the trial.

It was plaintiff's theory that no such calls were made to the police department and that the records of the department had been subsequently altered to show that such calls had in fact been made.

At the outset of the trial counsel for the defendants advised the court that plaintiff had served on the chief of police a subpoena duces tecum for the production of the records here in question; that upon two prior occasions the parties had been before the court with identically worded subpoenas duces tecum and that upon each occasion the court had quashed said subpoenas on the basis that they called for privileged communications and matters that the police chief is not required by law to bring before the court. Counsel moved that the subpoena be quashed. The ruling was deferred until the conclusion of plaintiff's evidence in chief. At that point the matter was again presented to the court and further argued. The court adhered to its previous ruling and granted the motion to quash the subpoena duces tecum. The propriety of this ruling is the sole issue raised by appellant on this appeal.

The documents that counsel for plaintiff requested to be included in the clerk's transcript are:

"1. The Notice of Appeal.

"2. The Notice to Prepare Clerk's Transcript.

"3. The Notice of Intention to Move for a New Trial and the Ruling thereon.

"4. The Notice to Prepare the Reporter's Transcript.

"5. The following parts of the Judgment Roll:

"(a) Pleadings;

"(b) Copy of Verdict of Court; and

"(c) Copy of Judgment."

It is thus apparent that we do not have in the record on appeal the subpoena duces tecum, the affidavit upon which its issuance was based, or any affidavit or other showing on behalf of the defendants in support of their motions to quash the various subpoenas duces tecum that had been issued. In fact there is a total absence of any authenticated record touching the question which appellant seeks to have adjudicated. ■ "It is elementary that the burden is on an appellant to show sufficient basis for the reversal of the order or judgment from which he appeals." (*Baldwin* v. *Baldwin*, 120 Cal.App.2d 493, 494 [261 P.2d 16].) Accord: *Guardianship of Blair*, 163 Cal.App.2d 319, 323 [328 P.2d 986]; *Finnegan* v. *Finnegan*, 64 Cal.App.2d 109, 111 [148 P.2d 37]. ■ "In the absence of a contrary showing in the record, all presumptions in favor of the action of the trial court will be indulged by an appellate court." (*Alexander* v. *McDonald*, 86 Cal.App.2d 670, 671 [195 P.2d 24].) ■ And as stated in *Riley* v. *Dunbar*, 55 Cal.App.2d 452, 455 [130 P.2d 771]: "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ■ This deficiency in the record may not be supplied either by statements of counsel in the brief or by purported copies of documents printed therein. (*City of Chico* v. *First Ave. Baptist Church*, 108 Cal.App.2d 297, 301 [238 P.2d 587]; *People* v. *Schulze*, 169 Cal.App.2d 430, 431 [337 P.2d 109].)

■ On the record before us there is no indication of error. We must therefore presume that there was ample foundation for the court's order and judgment. (*McMahon* v. *Merrill*, 112 Cal.App.2d 454, 455 [246 P.2d 73].)

Affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1963.