[No. A032906. First Dist., Div. One. Jan. 21, 1988.]

NORMAN C. BUCKHART, Plaintiff and Respondent, v.
SAN FRANCISCO RESIDENTIAL RENT STABILIZATION AND
ARBITRATION BOARD, Defendant and Appellant.
LYNN McDONALD, Real Party in Interest and Appellant.

**COUNSEL**

Louise H. Renne, City Attorney, and Kathryn A. Pennypacker, Deputy City Attorney, for Defendant and Appellant.

Laura R. Swartz for Real Party in Interest and Appellant.

Gabriel M. Gesmer, Nancy C. Lenvin, and Lenvin & Gesmer for Plaintiff and Respondent.

## Opinion

**ELKINGTON, J.**—Defendants San Francisco Residential Rent Stabilization and Arbitration Board (Board), and real party in interest Lynn Mc-Donald (Ms. McDonald), appeal from a judgment of the superior court granting the Code of Civil Procedure section 1094.5 application of plaintiff Norman C. Buckhart (Buckhart) for a writ of mandate requiring the Board to set aside its decision in favor of Ms. McDonald, and to enter a decision in favor of Buckhart.

We state certain of the material factual-procedural circumstances of the appeal as they appear uncontroverted by the parties' briefs, and concessions of the Board.

San Francisco has a residential rent control ordinance (Ordinance) which treats a decrease in "housing services" during one's tenancy as a forbidden rental increase. Disputes between a landlord and tenant are heard and determined *at a hearing* by a hearing officer. At the *hearing* the parties will "offer . . . such . . . *evidence* as may be pertinent to the proceedings. . . . *A record of the proceedings must be maintained* . . . . Based upon the *evidence* presented at the *hearing* . . . the hearing officer . . . shall make written findings of fact." But for the "right of appeal" the decisions of the hearing officer are "final." (For reasons as will soon appear the italics of this paragraph is supplied by us.)

It had been the custom of the Board not to have the evidence and proceedings reported. Such evidence and proceedings were preserved by a tape-recording device. The tape recordings were not ordinarily transcribed. Instead, it was the practice of the Board, upon a request for the administrative record by a person aggrieved who has filed a Code of Civil Procedure section 1094.5 petition for mandate, to gather up such papers of the case as were available, *without any record of the testimony and oral proceedings of the required hearing,* and *certify* them as the *"original and complete records, or exact copy of all such records."* (Italics added.)

Ms. McDonald rented a residential unit in San Francisco from Buckhart while the Ordinance was in effect. No automobile garage space was then

available, a fact which was reflected in a lower monthly rental. About three years thereafter a garage space became available, Ms. McDonald was told about it, and the space was rented to her for $50 per month under a new agreement. About two years thereafter Buckhart found "dry rot" in the improvement which housed the garage and he applied for and obtained a building permit to correct it. Contemporaneously he gave notice to Ms. McDonald requiring her to "give up the parking space." Ms. McDonald refused and she was thereafter "locked out" of the parking area. She thereupon complained to the Board that she had suffered a substantial decrease in "housing services" for which she was entitled to compensation or credit.

A hearing was held with testimony there taken before a hearing officer. The hearing officer made findings adverse to Buckhart who appealed to the Board, which by a three-to-two decision decided *not* to hear the appeal. Buckhart thereupon filed the instant Code of Civil Procedure section 1094.5 mandate proceedings. Upon his request of the Board for an administrative record, he was given some papers, *without the tapes or any record of the hearing,* which were certified as the "original and complete records or an exact copy of all such records." On such showing as was made by Buckhart, the superior court entered judgment granting the writ of mandate. The appeal before us is from that judgment.

Code of Civil Procedure section 1094.5, as here material and as in effect at relevant times, provided: "(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, . . . the case shall be heard by the court sitting without a jury. . . . Except when otherwise prescribed by statute, the cost of preparing the record shall be borne by the petitioner. . . . [T]he administrative record shall be filed as expeditiously as possible, . . .

"(b) The inquiry in such a case shall extend to the questions whether . . . there was any prejudicial abuse of discretion. Abuse of discretion is established if . . . the findings are not supported by the evidence.

"(c) Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

■ It will be seen that whether the superior court exercises its "independent judgment" on the record *or* determines whether the Board's findings are supported by the evidence, it is in need of the "whole administrative record," *including the hearing's evidence. Without such a complete* record the superior court *cannot* comply with Code of Civil Procedure section 1094.5.

■ Moreover, we are furnished with no record of the *superior court's hearing* on Buckhart's petition for a writ of mandate. The burden of producing such a record is upon the appellant, here the Board. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418, pp. 415-416.)

" 'It is elementary that the burden is on an appellant to show sufficient basis for the reversal of the order or judgment from which he appeals.' . . . 'In the absence of a contrary showing in the record, all presumptions in favor of the action of the trial court will be indulged by an appellate court.' . . . '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " (*Woolford* v. *Denbow* (1963) 216 Cal.App.2d 200, 203 [30 Cal.Rptr. 794].) And: "*Under this general rule it will be presumed, when necessary, that the parties consented to the court's action or waived objection thereto.*" (Our italics, *Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 374 [217 P.2d 951].)

We choose *not* to presume that the parties consented to the superior court's ruling. Instead, we are of the opinion that it would best serve the ends of justice for the superior court to remand the cause to the Board for preparation of a complete administrative record at the expense of Buckhart. And in the event of a future appeal herein, the appealing party will furnish this court with a record of the superior court proceedings, according to law.

The judgment is reversed. The superior court will remand the cause to the Board with instructions to prepare a complete administrative record, at Buckhart's expense and for the use of the court. And the superior court will thereupon take further proceedings according to law.

Racanelli, P. J., and Newsom, J., concurred.