Filed 9/4/13  Pinto v. Leon CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARIA PINTO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MARIA DE JESUS LEON et al.,<br><br>Defendants and Respondents. | B243673<br><br>(Los Angeles County<br>Super. Ct. Nos. PS013879, PS013880) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jeffrey M. Harkavy, Commissioner.  Affirmed.

Maria Pinto, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Maria Pinto (appellant) appeals from an order of the superior court entered after an evidentiary hearing in this civil harassment matter. Appellant filed requests for orders to stop harassment against Maria de Jesus Leon (Leon) and Jorge Flores (Flores) (respondents).[1] After an evidentiary hearing lasting five days, the trial court found appellant failed to prove by clear and convincing evidence that respondents engaged in unlawful violence, made a credible threat of violence, or engaged in a course of conduct that seriously alarmed or harassed appellant. However, the trial court issued limited orders directing respondents to keep their dog on their property and secured at all times; replace their outdoor security lighting to minimize illumination of appellant's property; refrain from blocking appellant's driveway; and refrain from allowing guests to gather outside of their home after 9:00 p.m.

Appellant contends that the trial court erred in failing to grant her petition for civil harassment order. We find no error, and affirm the order of the trial court.

## CONTENTIONS

Appellant contends that the evidence did not support the trial court's findings, and that she was prejudiced by respondents' counsel's failure to follow the State Bar Rules of Professional Conduct. Appellant further contends that she satisfied her burden of proving that her petition for a civil harassment order should be granted.[2]

---

[1] Appellant's two petitions for orders to stop harassment were given two separate case numbers in the trial court, although they were heard together as related cases. We granted appellant's request for consolidation of the two matters on appeal.

[2] Appellant has included in her appeal contentions related to a separate case, *Leon v. Pinto*, Los Angeles Superior Court case No. PS013818 (PS013818), for which a settlement agreement was filed on August 19, 2011. The record does not contain a notice of appeal for PS013818, nor has there been a request to consolidate a third matter in this appeal. Therefore, we decline to address any claims relating to PS013818, including appellant's due process argument concerning the actions of the mediator during the settlement of the case; and her complaints regarding the lack of an interpreter at the time of the stipulation and settlement in that case.

## BACKGROUND AND PROCEDURAL HISTORY

Appellant filed her petitions for orders to stop harassment on August 19, 2011. Appellant alleged that respondents had threatened violence against her and that she no longer felt safe in her home. At the time appellant filed her petitions, she was the respondent in a civil harassment matter, PS013818. That matter was settled with a written agreement filed on the same day that appellant's petitions were filed, August 19, 2011.[3]

Appellant is a woman in her 70's who has lived at her current residence for over 30 years. Since shortly after respondents moved into a neighboring home over five years ago, the parties have been at odds with one another. Law enforcement officers, including parking enforcement and animal control officers, have been called on numerous occasions. Appellant alleged that respondents drove their car very close to her and verbally threatened her. The threats that appellant described were derogatory names such as "bitch" and "stupid old lady." Appellant claimed that Leon threatened to "fuck [her] up."

Appellant also claimed that respondents had engaged in a course of conduct to harass her. The acts alleged included:

1. Yelling at appellant, calling her derogatory names and cursing at her;

2. Pointing cameras and lights at appellant's home;

3. Parking their cars in such a way as to block appellant's driveway;

4. Permitting their guests to park their cars in such a way as to block appellant's driveway;

5. Allowing their children to play in the street and make excessive noise;

6. Sweeping the sidewalk next to appellant's home;

7. Standing outside and staring at appellant;

8. Driving close to appellant and making comments;

---

[3] A temporary restraining order in effect in case no. PS013818 was dissolved and replaced with the settlement agreement in that case.

3

9. Holding weekly gatherings on Wednesday evenings where numerous adults and children are outside and making excessive noise until late into the evening;

10. Yelling and screaming at appellant while intoxicated;

11. Purposely allowing their "vicious" Labrador/mix dog out of their yard to intimidate appellant;

12. Calling the police and making false police reports;

13. Contacting the neighbors in an attempt to have them testify falsely against appellant; and

14. Yelling over appellant's fence from the neighbor's side.[4]

Appellant's daughter Lourdes Pinto, who resides with appellant in her home, allegedly witnessed several acts of harassment. According to a declaration dated October 24, 2011, Lourdes witnessed respondents making a false police report and letting the dog out just as she was getting out of her vehicle. Lourdes also witnessed Leon climbing a wall between the properties and yelling profanities at appellant.

The trial court conducted evidentiary hearings in appellant's two related cases against respondents on October 24, 2011, January 20, 2012, April 17, 2012, May 22, 2012, and July 24, 2012. The court considered the testimony and evidence and also took judicial notice of PS013818, which both parties referenced.

While a statement of decision is not necessary in a civil harassment matter, given the long-standing issues between the parties and the hours of testimony presented, the court provided a comprehensive, nine-page memo setting forth the reasoning behind its decision.

---

**4** Appellant has described in her opening brief an incident that occurred on July 21, 2011, which, she claims, caused significant escalation of the tensions between these neighbors. However, appellant references only her live testimony at the evidentiary hearing, and appellant has failed to include a reporter's transcript of this testimony on appeal. Under the circumstances, we have no access to this evidence and cannot recount appellant's description of the purported incident.

4

The court acknowledged that the parties have been at odds with each other for over five years, and that law enforcement officials, including parking officers and animal control officers, have been involved at various times. However, the trial court concluded "[i]t is unclear at best, how this all started. Each side blames the other for the first incidences that each claim was the beginning of this ongoing feud between the families."

In denying appellant's petition for restraining order, the trial court stated:

> "The Court finds from all the evidence presented, that [appellant] has failed to prove by clear and convincing evidence that either Respondent engaged in unlawful acts of violence against her. While there were some references in [appellant's] testimony to acts of driving near her and making statements, there was no credible evidence of any acts of violence. Likewise, the Court finds that [appellant] has failed to prove by clear and convincing evidence that either Respondent made a credible threat of violence directed at [appellant]."

As to appellant's claims of harassment, the court noted that each of the respondents denied the allegations of appellant and her witnesses. The court then explained its evaluation of appellant's credibility:

> "On several occasions, the Court finds that [appellant] has testified in a manner that shows an exaggerated and unreasonable reaction to fairly normal events. She testified that by being called a 'stupid old lady' that this term constituted a threat to her person and indicated a willingness by Mrs. Leon to physically harm her. She testified that she did not call the police, in part, because she does not speak English. It is inconceivable that a person who has lived in the local area for over 30 years does not know that she could call 911 and be assisted by a Spanish speaking operator. [Appellant] testified that she saw the Respondents talking with neighbors and came to the conclusion that the purpose of these conversations was an attempt by the Respondents to suborn false testimony. This allegation was made despite the [appellant's] total inability to hear what was being said. Nor was there any evidence presented by [appellant] as to what was said. . . . [Appellant], in her testimony, stated that she was being harassed by Ms. Leon sweeping the sidewalk next to the front of her home and staring at her. The Court finds that such a distorted and exaggerated interpretation of the stated events casts considerable doubt on the [appellant's] credibility."

5

The court also noted that despite the police being called on over a dozen occasions for noise complaints, not a single citation had been issued. While law enforcement's decisions are not binding on the court, the court noted that this observation seemed "to indicate a lack of independent evidence that the gatherings at Respondent[s'] home are as loud and out of control [as appellant] asserts." The court further observed that the timing of appellant's petition was suspect, being filed on the same day that she was to be in court on the PS013818 matter. Having purportedly endured years of harassment and abuse, the court found it odd that appellant waited until the day she was to appear in court as a respondent in a harassment case to file her petition. The court concluded, "[t]hese actions raise the strong indication that the Petitions before this Court were filed in direct retaliation for being subjected to the Temporary Restraining Orders in the Leon v. Pinto case."

However, the trial court found that four limited orders were warranted by clear and convincing evidence. The court thus made the following orders:

"1. Respondents are to keep their dog on their property and secured at all times. The dog may be off the property when being transported in a vehicle or while on a leash and under the control of an adult.

"2. Respondents are to replace their outdoor security lighting with motion sensitive security lighting to minimize the time the lights are on at night. The lights are to be aimed in a manner that illuminates the Respondents['] property with as little light as is reasonably practical shining onto any neighboring property.

"3. Respondents are not to park their vehicles in a manner that blocks or restricts [appellant's] free access to ingress and egress of her driveway. Respondents are to take reasonable measures to make sure that all guests and invitees to their property park their vehicles in a similar manner.

"4. Respondents are not to permit gathering of persons of any age outside of the interior of their house beyond 9:00 p.m. After that hour, guests and invitees are to proceed directly to and from their vehicles, or if walking, to their destinations, without loud noises or conversation."

On August 27, 2012, appellant filed her notice of appeal in the matter against Flores. On September 25, 2012, appellant filed her notice of appeal in the matter against Leon.

## DISCUSSION

### I. Standard of review

We review an order relating to harassment under a substantial evidence standard. "In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in Code of Civil Procedure section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible, and of solid value. [Citations.]" (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

As in all cases, appellant bears the burden of showing error. (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 474.) "In the absence of such a showing, we presume the judgment is correct." (*Ibid.*)

### II. Timing of appellant's filing

Appellant argues that the evidence does not support the trial court's finding that the timing of her filing on August 19, 2011, was suspect after appellant supposedly endured years of harassment. Appellant claims that in fact she had only been in fear for her safety since a single incident on July 21, 2011, when she was verbally assaulted by respondents. Appellant references a declaration dated August 19, 2011, in which she supposedly wrote that she had been afraid of Leon since July 21, 2011.

The court has reviewed the record and is unable to find the referenced declaration, which is not properly cited. There is one declaration by appellant contained in the clerk's transcript, although it is undated and appears to be attached to an answer to a petition for order to stop harassment filed by Leon. In it, appellant states that the dispute between the parties "began sometime in 2008," when Leon parked a truck in front of appellant's driveway, leading to a verbal altercation between the two individuals. Appellant further

7

stated that "[s]ince that [2008] incident, [Leon's] behavior has escalated and at times [*sic*] combative and threatening to the point that I am fearful and afraid for my safety and well-being." A second, undated declaration by appellant also states that the conflict began with an incident that occurred in 2008, and enumerates seven other separate incidents occurring between late 2010 and August 2011.[5] This evidence supports the trial court's finding that appellant claimed the harassment had been ongoing for years.

In addition, appellant has failed to provide the court with a reporter's transcript of the evidentiary hearings. The trial court noted that "[a]ccording to [appellant's] testimony, [appellant] had been enduring years of threats, verbal abuse and a variety of forms of harassment." A fundamental obligation of an appellant is to present a record from which an appellate court may determine whether the trial court's order, which is presumed correct, was erroneous. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Likewise, an appellant must affirmatively show error by an adequate record. (*Buckhart v. San Francisco Residential Rent, etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036.) Failure to provide an adequate record concerning an issue challenged on appeal requires that the issue be resolved against the appellant. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*).)

Under the circumstances, we find that appellant has failed to meet her burden of proving that any of the trial court's findings were not supported by the evidence.

## III. Violation of Rules of Professional Conduct by respondents' attorney

Appellant's next argument also relies exclusively on oral testimony and events that occurred during the oral hearings in this matter. Appellant claims that sometime in March 2012, during the time that the evidentiary hearings in this matter were continuing, she filed a police report against respondents for violation of court order. The police did not pursue respondents, instead citing appellant for filing a false police report in violation of Penal Code section 148.5, subdivision (a). The citation was made by Detective Reade

---

[5]     It is unclear from the record the date of the filing of this declaration, or if it was ever filed.

of the Los Angeles Police Department. Appellant appears to be arguing that respondents' counsel violated rule 5-200 of the Rules of Professional Conduct when he brought in Officer Reade as a surprise witness to "sandbag" appellant. In addition, appellant accuses respondents' attorney of seeking to mislead the trial court by making a false statement of fact or law.

Without a reporter's transcript of the proceedings, we have no means of evaluating these events or the conduct of respondents' attorney. Therefore we must resolve this issue against the appellant. (*Hernandez, supra*, 78 Cal.App.4th at p. 502.)

**IV. Substantial evidence supports the decision that appellant failed to meet her burden of proving that her petition for civil harassment order should be granted**

Appellant argues that she presented sufficient evidence in support of her petitions for orders to stop harassment against respondents. Appellant references her sworn testimony, written declarations, exhibits, witness declarations, and live witnesses. Appellant contends that through this evidence, she proved that she was subjected to a pattern of misconduct and illegal, harassing behavior perpetrated by respondents for no other reason than to molest, harass, intimidate and disturb her.

As set forth above, appellant has failed to provide an adequate record for review and therefore has failed to meet her burden of proving error. (*Hernandez, supra*, 78 Cal.App.4th at p. 502.) Furthermore, we note that the trial court's decision was largely based on its finding that appellant's testimony was not credible. The trial court enumerated specific examples of appellant's statements and conduct which contributed to the court's assessment of her veracity. For example, the court found that appellant testified to having exaggerated and unreasonable reactions to fairly normal events. In addition, appellant testified to the content of a conversation that she admitted she could not hear. Despite the fact that she could not hear the conversation, she concluded that it was an attempt by respondents to suborn false testimony. The suspicious timing of the filing of appellant's petitions, which the court felt suggested that appellant was filing in retaliation to a petition filed against *her*, was another of the examples of unreasonable conduct that the court listed.

9

A reviewing court may neither reweigh the evidence nor reevaluate a witness's credibility.  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)  In this case, the determination of the witness's credibility was in the exclusive province of the trial judge, who saw and heard the witnesses.  (*Von Hasseln v. Von Hasseln* (1953) 122 Cal.App.2d 7, 13.)  The trial court's determination that appellant lacked credibility is not subject to reevaluation.  Under the circumstances, there is no grounds for reversal.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                                                        CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST