Filed 11/21/14  Lindsey v. The County of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MICHELLE D. LINDSEY, | |
| Plaintiff and Appellant, | E057335 |
| v. | (Super.Ct.No. RIC472794) |
| THE COUNTY OF RIVERSIDE et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John Vineyard, Judge.

Affirmed.

Michelle D. Lindsey, in pro. per., for Plaintiff and Appellant.

Smith Mitchellweiler and Douglas C. Smith; Arias & Lockwood and

Christopher D. Lockwood for Defendants and Respondents.

1

Plaintiff and appellant Michelle D. Lindsey, who represents herself in pro. per.,[1] brought suit against her former employer and various managers or supervisors, claiming discrimination, retaliation, denial of leave, and other employment-related causes of action. On August 22, 2012, following a bench trial, the trial court entered judgment in favor of defendants and respondents County of Riverside (County), Ron Komers, and Tom Prescott (collectively, defendants), and against plaintiff, having granted defendants' motion for judgment pursuant to Code of Civil Procedure section 631.8, with respect to all causes of action.[2] Plaintiff appeals from that judgment, contending it should be reversed because she "established a prima facie case" for certain causes of action, and the court erred by granting an "oral in limine motion" by defendants to exclude certain "evidence and testimony as to Defendants' denial of Lindsey's due process appeal claims . . . .".

Though the parties' arguments are more expansive, we need discuss only a single issue: the adequacy of the record on appeal. Although plaintiff has lodged a voluminous

---

[1] Plaintiff identifies herself as "Michelle D. Lindsey, J.D., In Pro Per" in her briefing on appeal. Despite the "J.D.," she is apparently not admitted to practice law in California; in any case, she has provided no information that might establish she is a licensed attorney, such as a state bar number.

[2] Two other defendants, Barbara Olivier and John Mooney, were separately granted summary judgment in their favor on April 27, 2012. But no judgment or order of dismissal with respect to those defendants was entered by the trial court. Our order, issued December 20, 2012, ruled that this appeal would proceed only as to the parties listed in the judgment appealed; we name those defendants in the text above.

clerk's transcript,[3] the record is nevertheless inadequate for this court to evaluate her claims of error. To address plaintiff's contentions on their merits would require review of oral proceedings in the trial court, which are entirely absent from the record. As such, we must presume the judgment correct.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a former County employee who was terminated in April 2007 after approximately seven years of service. She brought suit on June 5, 2007. The operative Second Amended Complaint, filed May 19, 2008, alleges discrimination, retaliation, harassment, denial of leave, and failure to take necessary remedial action under various legal theories.

The trial court granted summary judgment in favor of two named defendants (see fn. 2), as well as summary adjudication with respect to several causes of action, in an order filed April 27, 2012. The parties stipulated to a bench trial of plaintiff's surviving claims. That trial took place over eight days in June 2012.

On June 20, 2012, after plaintiff rested, defendants brought an oral motion for judgment pursuant to Code of Civil Procedure section 631.8. The trial court granted defendants' motion, explaining the reasons for its ruling orally for the record. On July 10, 2012, the court adopted a statement of decision prepared by defendants, overruling plaintiff's objections thereto. The judgment appealed from was filed on August 22, 2012.

---

[3] The clerk's transcript consists of 22 volumes and over 6,000 pages.

3

## II. DISCUSSION

### A. Standard of Review

"The most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286 (*City of Santa Maria*).)

"'In general, in reviewing a judgment based upon a statement of decision following a bench trial, "any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. [Citations.]" [Citation.] In a substantial evidence challenge to a judgment, the appellate court will "consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.]" [Citation.] We may not reweigh the evidence and are bound by the trial court's credibility determinations. [Citations.] Moreover, findings of fact are liberally construed to support the judgment.'" (*Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765, quoting *Estate of Young* (2008) 160 Cal.App.4th 62, 75-76.)

"The appellant has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal. [Citation.] An appellate court's review is limited to consideration of the matters contained in the appellate record." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) In the absence of an adequate record to

4

support the appellant's claim of error, "we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

**B.  The Record on Appeal Is Inadequate to Address Plaintiff's Claims of Error on Their Merits.**

California Rules of Court, rule 8.830, provides that "[i]f an appellant wants to raise any issue that requires consideration of the oral proceedings in the trial court, the record on appeal must include a record of these oral proceedings . . . ." (Calif. Rules of Court, rule 8.830(a)(2).)  Most commonly, a reporter's transcript serves as such a record, but the rule also provides for other options, such as an agreed statement under rule 8.836, or a statement on appeal under rule 8.837.  (Calif. Rules of Court, rule 8.830(a)(2).)

Each of plaintiff's claims of error requires consideration of oral proceedings in the trial court.  She contends that the trial court erred by granting an "oral in limine motion" to exclude certain evidence and testimony.  She further contends that the trial court's findings as trier of fact—that she had failed to prove any of her asserted causes of action—were not supported by the evidence; evidence that included days of oral testimony by defendants Ron Komers and Tom Prescott, as well as plaintiff's own testimony.

Nevertheless, the record on appeal contains no record of *any* oral proceedings below.  There is no transcript of the proceedings at trial, because the parties waived having a court reporter.  The trial court ordered a court reporter to transcribe the hearing in which it orally stated the reasons for its decision on defendants' motion for judgment.  But plaintiff did not designate that transcript as part of the record on appeal.  Nor did she

5

utilize any of the alternative methods for submitting a record of oral proceedings authorized by the Rules of Court.

We cannot review the purported "oral in limine motion" absent a transcript of what exactly the defendants asked the court to do, any opposition that plaintiff may have raised, and how the court ruled.[4]  Similarly, we cannot review whether there is substantial evidence in support of the trial court's findings of fact concluding that plaintiff failed to prove her case absent a complete record of the evidence considered by the trial court.  To the extent the record we have does not reveal substantial evidence in support of the judgment, we would have to presume such evidence was contained in the missing portion.  (See *City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 286; see *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [""'[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."'"].)

In short, plaintiff has failed to meet her burden of submitting a record sufficient to consider the issues she raises on appeal.  On that basis alone, the judgment must be affirmed.  We therefore decline to discuss the merits of any other issues raised in the parties' briefing.

---

[4] We note that the court's minutes do not reflect any such oral motion, or any ruling thereon.  Defendants speculate that plaintiff may mean to refer to a *written* motion in limine, granted by the court without opposition from plaintiff.  In the section of her opening brief addressing the "oral motion in limine," however, plaintiff does not cite to that written motion, or the court's ruling thereon.  In any case, plaintiff has failed to supply us "with some cogent argument supported by legal analysis and citation to the record," and thus has failed to demonstrate any error.  (*City of Santa Maria*, *supra*, 211 Cal.App.4th at pp. 286-287.)

## III. DISPOSITION

The judgment appealed from is affirmed.  Defendants shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                        HOLLENHORST
                                                        Acting P. J.

We concur:

MCKINSTER
                                     J.

CODRINGTON
                                     J.