Filed 5/13/24  Jimenez v. Miceli CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL -- STATE OF CALIFORNIA
### FOURTH DISTRICT
### DIVISION TWO

| | |
|---|---|
| PASCUALA MARIN JIMENEZ et al., | E081051 |
| Plaintiffs and Respondents, | (Super.Ct.No. RIC2001196) |
| v. | ORDER MODIFYING OPINION, GRANTING MOTION TO STRIKE PETITION FOR REHEARING AND FILE CORRECTED PETITION, AND DENYING PETITION FOR REHEARING |
| SAM J. MICELI, | |
| Defendant and Appellant. | |
| | [NO CHANGE IN JUDGMENT] |

_____

THE COURT

The motion to strike the nonconforming petition for rehearing filed on April 26, 2024 is granted and the corrected petition is filed on May 1, 2024. The petition for rehearing is denied.

On our own motion, the Court ORDERS the opinion filed on April 18, 2024 modified as follows:

On page 3, in the first full paragraph, delete the date December 2, 2022 so the sentence ends with "on the day trial was scheduled to begin." In the next sentence add

1

"evidentiary portion of the" so the sentence states, "However, the trial court continued the evidentiary portion of the trial and ultimately held it on February 10, 2023" and keep footnote 1. In footnote 1, delete "The court entered a minute order reflecting the denial of his requests on January 25."

On page 3, in the next full paragraph delete "a one-day bench trial" and add "hearing evidence on February 10" so the beginning of the sentence states, "After hearing evidence on February 10,".

On page 4, in the last sentence of the first paragraph, delete the comma between "attorney fees" and "but". In the next paragraph, after "Exhibit A," delete the word "read" so it states, "Exhibit A," which reads in full:".

On page 8, in the second sentence of the first paragraph, after "conferences in pretrial" add "and posttrial" so the end of the sentence reads, "conferences in pretrial and posttrial matters." In the next sentence, put a comma after "trial" and after that add "either in whole or in part" so the end of the sentence states, "desirable at trial, either in whole or in part." In the next sentence after "December 2 trial" delete the word "date" and add "call hearing, which he says the court continued due to plaintiffs' failure to prepare for trial." In the next sentence, remove the "s" from "object", change it to past tense and add "in the trial court" so the beginning of the sentence states, "He objected in the trial court that the plaintiffs did not serve him with that objection and" – after that end the sentence by adding, "that "[t]he court did nothing to sanction plaintiff's counsel for their lack of preparation . . . for first Trial Call December 2, and did not inform Defendant until the morning of the Trial Call that he would be required to appear in person" deleting "said he was not made aware that he and his witnesses would have to appear in person until the morning of December 2." In the next sentence of that paragraph, delete "that trial date, and the trial did not begin until February 10" and instead insert, "the December 2 trial call hearing until January 23 and then set pretrial matters for January 25."

In front of the second to last sentence of the first paragraph on page 8, which begins with "Miceli does not explain" insert "On January 25, the court took up pending motions in limine and requests for judicial notice, as well as Miceli's request to appear remotely, which the court denied. Miceli did not appear for this hearing, but the motions had been briefed and the parties had discussed remote appearance two days earlier at the trial call hearing. The proceedings on January 25 lasted only 23 minutes, after which the court adjourned until February 6. On February 3, the court, on its own motion, continued the trial to February 10, which gave Miceli more time to arrange to appear in person." The next sentence should change from "Miceli does not explain why" to "Miceli did not explain in his briefing why" and at the end of that same sentence delete "more than two months earlier" and instead insert "at least two weeks earlier." In the next sentence, which is the last sentence of that paragraph, add to the end of the sentence after "in-person appearances" the phrase "or to obtain local counsel who could appear for him."

At the beginning of the last paragraph on page 8, delete "In any event" and capitalize "none" as the first word of the sentence, and finish the end of the sentence by adding after "appear remotely" the phrase "or whether it attempted to accommodate Miceli by delaying the evidentiary portion of the trial." The second to last sentence of that same paragraph which states "We cannot presume the court acted for some unapproved reason" should be followed with "Moreover, the court may have delayed the evidentiary portion of the trial to allow Miceli additional time after he complained that plaintiffs did not complete service of their November 28 objection. The order continuing trial to February 6 gave Miceli eight court days to make arrangements, and the order continuing it to February 10 game him four more court days. Those changes more than corrected any deficiencies of notice. (Cal. Rule of Court, rule 3.672(h)(3)(A)(1) [requiring service of opposition to remote appearance at least five days before trial].)

In a petition for rehearing, Miceli argues, for the first time, that "after January 23, 2023, neither the Court nor opposing counsel ever informed Miceli about any future trial-related proceedings. Miceli was given no access to any information whatsoever, until the Court published its April 4, 2023 ruling online." Miceli never made this claim in the trial court or in the merits briefing before this court. Instead, he focused on the alleged failure of the plaintiffs to serve the November 28 objection to remote appearance and the lateness of the trial court's resolution of that issue. In any event, the assertion is not supported.

It is not clear from the record, or from Miceli's briefing, why he did not appear telephonically on January 25, as the court did not deny remote appearance until proceedings on that day.[1] Whatever the case, the record shows the trial court resolved pretrial motions on January 25, but adjourned proceedings involving the presentation of evidence until February 6. The court entered a public minute order reflecting those orders. Several days later, on its own motion, the court continued the trial until February 10, and in that order specified notice be given to the parties, including Miceli.

Miceli has provided no basis to believe his new assertion that "he was cut off from all communication by the Court as of January 23, 2023." Instead, the record shows public orders setting the schedule and delaying the merits trial far enough out that Miceli could have arranged for himself and his witnesses to appear in person, as well as to obtain local counsel to appear for him. Miceli does not set out any hardship for his witnesses, except to say that some are California state and city employees who need time to arrange their schedules. Of course, they would need to arrange their schedules to take time off to appear remotely as well, though perhaps less time than if they were required to travel to the court.

_____

[1] His petition for rehearing asserts he "was informed <u>ONLY ON THE VERY DAY that Trial was scheduled to begin, January 23, 2023</u>, that he would not be allowed to appear remotely." However, the court made its ruling on January 25, when dealing with pretrial matters, a point he accepted and emphasized in his opening brief on appeal.

While Miceli asserts the trial court was required to give him 10 days' notice, he cites no authority for that point. The pertinent California Rule of Court specifies that a party *requesting* remote appearance at trial must file a notice of intent to appear remotely and ensure the opposing party receives notice of the request at least 10 court days before trial. (Cal. Rules of Court, rule 3.672(h)(2)(C).) A party *opposing* remote appearance must file and serve the opposition at least five court days before the proceeding. (Cal. Rule of Court, rule 3.672(h)(3)(A)(1).) The rule does not limit the timing of the court's resolution of an opposed request, though of course a court may abuse its discretion when "determining whether to conduct an evidentiary hearing or trial in whole or in part through the use of remote technology over opposition." (Cal. Rule of Court, rule 3.672(h)(3)(B).)

We note the record also shows Miceli was in fact present telephonically at the posttrial February 17 hearing to consider plaintiffs' proposed judgment. That appearance directly contradicts his new claim that he was denied information about proceedings until the court published its ruling on April 4. Setting aside the seeming inaccuracy of Miceli's new representations, the bottom line is he had at least two weeks to arrange to appear and present his defense in person, or to retain counsel to do so, but did neither. This substantially limited his chances of prevailing at trial, but due process requires only the *opportunity* to present a defense. Miceli has not carried his burden of showing that the trial court denied him that opportunity or otherwise abused its discretion." Delete the statement at the bottom of page 8 that states "Since Miceli has not shown the trial court abused its discretion, we must affirm" and change it to "Consequently, we must affirm."

The opinion resumes with part B. Substantial Evidence and no further changes.

Except for the modification, which doesn't affect the judgment, the opinion is unchanged.

RAPHAEL_____

J.

We concur:


CODRINGTON_____
           Acting P. J.


FIELDS_____
           J.


cc:    See attached list

4

MAILING LIST FOR CASE: E081051
Pascuala Jimenez et al. v. Sam Miceli

Superior Court Clerk
Riverside County
P.O. Box 431 - Appeals
Riverside, CA 92502

Gregory P. Wong
Barkhordarian Law Firm
6047 Bristol Parkway
Culver City, CA 90230-6601

Heather K. Cox
Barkhordarian Law Firm
6047 Bristol Parkway
Culver City, CA 90230

Sam J. Miceli
2451 Millbrook Avenue, Su. 303
Algonquin, IL 60102

Filed 4/18/24  Jimenez v. Miceli CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PASCUALA MARIN JIMENEZ et al., | |
| Plaintiffs and Respondents, | E081051 |
| v. | (Super.Ct.No. RIC2001196) |
| SAM J. MICELI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Harold W. Hopp, Judge. Affirmed.

Sam J. Miceli, in pro. per., for Defendant and Appellant.

Barkhordarian Law Firm, Gregory P. Wong, and Heather K. Cox for Plaintiffs and Respondents.

1

This appeal arises out of a wage and hour dispute between an out-of-state employer and two people who worked for him at his California business. Following a bench trial at which the pro se employer did not appear or present evidence, the court found he was liable for $41,354.10 to one employee and for $31,217.70 to the other. The employer appeals, arguing he was denied due process when the trial court refused to allow him and his witnesses to appear remotely, that the judgment was not supported by substantial evidence, and that it was obtained by fraud and misrepresentation.

We conclude the employer has not carried his burden as appellant of providing legal authorities and factual citations to establish he is entitled to reversal. Without this assistance, it is impossible to determine whether the trial judge erred in requiring him to appear in person, finding him liable, awarding damages, or refusing to overturn the judgment based on fraud. We therefore affirm the judgment.

## I

## FACTS

Pascuala Marin Jimenez and Librado Mejia Nunez filed a wage and hour complaint against Sam Miceli and Jump Rails and More Inc. After substantial litigation, the case went to trial against Miceli alone.

At trial, Jimenez and Nunez pursued claims for failure to provide meal breaks, rest periods, and accurate itemized wage statements, as well as the failure to pay overtime compensation. They also sought penalties for waiting time violations and violations of

2

California Business & Professions Code section 17200 et seq. Nunez also pursued a claim that Miceli failed to pay him the required minimum wage.

Miceli lives in Illinois and had appeared telephonically at pretrial hearings. However, on November 28, 2022, the plaintiffs objected to his appearing remotely for trial. Miceli says plaintiffs did not serve him with their objection and he learned of it only on the day trial was scheduled to begin, December 2, 2022. However, the trial court continued the trial and ultimately held it on February 10, 2023.[1] Nevertheless, Miceli did not appear for trial, and neither did his proposed witnesses.

After a one-day bench trial, the court found Jimenez and Nunez had proved their claims. On April 4, 2023, the trial court entered judgment for plaintiffs and awarded Jimenez $14,982 in unpaid overtime and interest, $9,866.05 in meal-time premiums and interest, $9,866.05 in rest premiums and interest, a $4,000 penalty for inaccurate wage statements, and a $2,640 waiting time penalty. The total award for Jimenez was $41,354.10.

The court awarded Nunez $1,997 in overtime and interest, $9,866.05 in meal-time premiums and interest, $9,866.05 in rest premiums and interest, a $4,000 penalty for

---

[1] On January 23, 2023, Miceli sent the trial court an email objecting to the denial of his request for remote appearances. The court entered a minute order reflecting the denial of his requests on January 25. We previously granted Miceli's motion to augment the record as to exhibits 1 to 8 under California Rules of Court, rule 8.155 but reserved ruling on the motion as to the email correspondence attached as exhibit 9. We now grant the motion to augment as to exhibit 9 and deem it to be part of the record on appeal. (Cal. Rules of Court, rules 8.610(a)(1)(E) [requiring the clerk's transcript to include "printouts of any e-mail or text messages and their attachments, between the court and the parties"] and 8.115(a).)

inaccurate wage statements, a $2,640 waiting time penalty, and $2,848 in unpaid minimum wages and related liquidated damages. The total award for Nunez was $31,217.70. The court also found Jimenez and Nunez were prevailing parties under Labor Code sections 218.5, 226, 510, and 1194. The record of actions reflects a hearing and minute order awarding attorney fees, but does not show the amount of the award. Nor do the parties' briefs do so.

The record of actions also shows Miceli filed posttrial motions to set aside the judgment based on fraud, surprise, and perjury and for a new trial based on irregularity in the proceedings. Miceli includes in the clerk's transcript his motion to set aside the judgment under California Code of Civil Procedure section 473 and a memorandum in support. That filing includes a statement designated as "Exhibit A," which read reads in full: "Plaintiffs have been awarded Judgment based on fraud and perjury. These tax documents clearly show that 25%–50% of Plaintiffs sources of income were omitted from their testimony and hidden from the Court. The evidence does not support the Court's judgment. These Tax Documents state that Plaintiffs sources of income came from retail sales and housecleaning, ranch work—Meso Cultivation, not from Defendant. Furthermore, Plaintiffs overstated their earnings from Defendant to the Court, and hid and lied about all the other sources of earnings."

The record includes no information about Miceli's motion for a new trial, except a statement in a motion to reconsider saying that motion too is "based on Plaintiff fraud and perjury." The appellate record does not show whether or how the trial resolved these

4

motions, though presumably it resolved them against Miceli, or this appeal would be moot.

## II

## ANALYSIS

Miceli argues the trial judge improperly refused to allow him and his witnesses to appear remotely at trial and thereby deprived him of his right to due process. He also argues the trial evidence did not support the award of damages to Jimenez and Nunez. Finally, he argues fraud by the plaintiffs and their counsel warrants reversal. We find no merit in these arguments.

A touchstone legal principle governing appeals is that "the trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) In other words, it is not our role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. The appellant must present a cognizable legal argument in support of reversal of the judgment. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) The same is true when an appellant fails to make an adequate factual record upon which to base a review of the challenged order or judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d

5

557, 564.) These rules apply equally to appellants who represent themselves. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638, questioned on another ground in *Dumas v. Stocker* (1989) 213 Cal.App.3d 1262, 1268, fn. 13.)

Miceli has not established he is entitled to reversal by providing pertinent factual citations and legal authorities. Most problematic for this appeal is the lack of a reporter's transcript which would allow us to review the trial judge's ruling requiring the appearance of Miceli and his witnesses at trial for abuse of discretion and whether the evidence was sufficient to support finding him liable. Appellate courts frequently refuse to reach the merits of an appellant's claims because they failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (E.g., *Walker v. Superior Court* (1991) 53 Cal.3d 257, 273 ["[W]e cannot assess the propriety of these latter determinations because as noted above the record contains no transcript of the respective hearings"]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 [collecting cases].) As the record stands, we have been forced to piece together the story from pleadings, the register of actions in the trial court, and Miceli's briefs. However, the actual testimony and any legal rulings surrounding the testimony are required for meaningful review.

A. *Order Requiring In-Person Appearance*

California Code of Civil Procedure section 367.75 sets out guidelines that enable the use of technology allowing parties and witnesses to appear remotely, including at trials. (Code Civ. Proc., § 367.75; unlabeled statutory citations refer to this code.) With

6

certain exceptions, "a party *may* appear remotely and the court *may* conduct conferences, hearings, and proceedings, in whole or in part, through the use of remote technology." (§ 367.75, subd. (a), italics added.) To take advantage of this option, a party must provide notice to the court and all other parties. (*Ibid.*) Miceli has included in the clerk's transcript evidence that he and one witness submitted form requests to appear remotely. Miceli says his proposed witnesses included "a licensed private investigator, two Attorneys for the State of California, a City of San Jacinto Official, and Plaintiff's accountant."

The ability to appear remotely is not guaranteed. Under certain conditions, "the court may require a party or witness to appear in person at a conference, hearing, or proceeding." (§ 367.75, subd (b).) The conditions allowing a court to require in-person appearances include the unavailability or inadequate quality of the technology needed to allow remote appearances. (§ 367.75, subd. (b)(1), (2), (4)-(6).) Among other reasons, the court may also disallow remote appearances if the quality of the technology would "inhibit[] a court interpreter's ability to provide language access to a court user or authorized individual." (§ 367.75, subd. (b)(6).) The statute also allows the court to determine "on a hearing-by-hearing basis that an in-person appearance would materially assist in the determination of the conference, hearing, or proceeding or in the effective management or resolution of the particular case." (§ 367.75, subd. (b)(3).) The form for providing notice of remote appearance, citing section 367.5, subdivision (b), warns that "[a] court may require any person to appear in person instead of remotely."

7

The record on appeal does not establish why the trial court denied Miceli's request to appear remotely. We know the court allowed Miceli to appear at other hearings and conferences in pretrial matters. But the court had the discretion to reach a different conclusion on whether in-person appearances were necessary or desirable at trial. According to Miceli's motion to set aside the judgment, the plaintiffs objected to the remote appearances on November 28, 2022, shortly before a scheduled December 2 trial date. He objects that the plaintiffs did not serve him with that objection and said he was not made aware that he and his witnesses would have to appear in person until the morning of December 2. However, the trial court continued that trial date, and the trial did not begin until February 10. Miceli does not explain why he and his witnesses could not be present in-person for trial on February 10 when he learned of the issue more than two months earlier. Nor does he suggest that he sought more time to enable in-person appearances.

In any event, none of this information discloses why the trial court denied the motion to appear remotely. We review that decision for abuse of discretion, and we presume the trial court acted properly unless the appellant establishes error. Miceli has not carried his burden. The trial court may have based its decision on the availability or quality of court technology, the difficulty of using remote technology when the plaintiffs were being assisted by Spanish language interpreters, or the need for in-person testimony to judge witness credibility. We cannot presume the court acted for some unapproved reason. Since Miceli has not shown the trial court abused its discretion, we must affirm.

B. *Substantial Evidence*

Miceli's argument that the verdict was not supported by substantial evidence fails for the same reason. He argues the timesheet exhibit the plaintiffs submitted at trial was not adequately connected to work performed for him and asks that we look to the "whole record" in conducting substantial evidence review.

We cannot examine the whole record here, because Miceli did not provide a complete record. We know from the register of actions that the court held a bench trial and took evidence on February 10, 2023. Jimenez and Nunez were represented by counsel, who made an opening statement. Both plaintiffs testified, and they submitted a document designated as Exhibit 4 containing partial handwritten time records. Counsel then made closing arguments, which concluded the trial. However, there was no court reporter, and Miceli has not availed himself of any alternative method of creating a record of oral proceedings. As a result, we have no idea what testimony the court heard. (See *People ex. rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 533 [absence of a reporter's transcript generally prevents review of a substantial evidence argument"].) "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Miceli's argument focuses entirely on matters litigated outside the trial. He points us to his own declaration and memorandum about the parties' discovery conferences. He cites financial records he says undermine the plaintiffs' case for damages, which were attached to his opposition to plaintiffs' motion for summary judgment. He refers us to a

9

complaint he filed against plaintiffs alleging they committed fraud against him. As far as we can determine, none of these documents, even if they would have been admissible as evidence at trial, were in fact presented to the trial court as contrary evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 577 ["The '*whole record*' includes " 'the entire picture . . . put before the jury' "].) In any event, given the incomplete state of the record, we must presume the plaintiffs' own evidentiary showing could support the judgment, regardless of anything Miceli could have or did submit at trial. (*Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 ["If] any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented"]; *Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581-582 [in applying substantial evidence review, we accept all evidence supporting the judgment, completely disregard contrary evidence, and draw all reasonable inferences from the evidence to support the judgment].)

C. *New Trial Based on Fraud*

Miceli points us to section 473 as authority for overturning the judgment based on allegations that plaintiffs and their counsel engaged in fraud and fraudulent concealment to obtain the judgment.

He says, "Plaintiffs have fraudulently concealed their economic activities in three circumstances already, according to City and State of California investigations: they concealed income from retail sales, that they concealed income from the IRS, that they

failed to register their business in San Jacinto." He says plaintiffs' counsel "know that plaintiffs tax data means that two of the four years [of damages] drop out of the claim, and the remaining theoretical basis, the only possible basis for alleging wage and hour violations, must then also be split between the two plaintiffs since the tax returns are for both parties." Miceli complains that these misrepresentations led the trial court to rule in plaintiffs' favor and points us to certain filings made earlier in the case to substantiate his claims of fraud.

There are several problems with this argument. First, nothing in section 473 permits overturning a judgment after trial. Subsection (b) of that provision allows a trial court to vacate a default or default judgment entered due to "mistake, inadvertence, surprise, or excusable neglect." The trial court did not enter a default or default judgment against Miceli; it entered judgment after trial. Section 473 is not applicable. Nor has Miceli cited any other authority that would allow us to overturn a posttrial judgment based on allegations and evidence of fraud that could have been, but were not, made part of the trial record. Second, Miceli brought a motion to set aside the judgment and a separate motion for a new trial based on the allegations of fraud, surprise, and perjury. However, he has not included the trial court's rulings on those motions or even any indication of their outcome. It is an appellant's responsibility to provide legal citation and argument to establish trial court error, and Miceli has failed to do so here. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as

11

waived].) Without the benefit of the ruling or legal authority, we cannot reverse on this basis.

It seems significant that Miceli brought forward much of the same evidence and argument in the pretrial stages of the case. He brought a motion for sanctions against plaintiff's counsel based on fraud, perjury, and attorney misconduct, and the trial court denied that motion in July 2021. And he sought to obtain business records from plaintiffs on the theory that they would show they were misrepresenting their status as his employees. The trial court quashed the subpoenas. Though our record is again spare, it appears from these orders that the court may have made factual findings (explicit or implicit) contrary to Miceli's views that Miceli is not addressing.

After filing his opening brief, Miceli filed two requests to augment the record on appeal asking us to reverse the judgment and make attorney ethics referrals based on allegations of professional misconduct in the trial court.[2] He argues plaintiffs' counsel committed perjury by filing Local Rule 3401 documents identifying claims, trial witnesses, and trial exhibits prepared on November 30, 2022. Those documents omitted the positions, witnesses, and exhibits Miceli intended to rely on at trial because the

_____

[2] We previously deemed the request filed August 8, 2023 to be a supplemental opening brief and request for judicial notice. The documents filed with that request are all part of the record in the trial court, so we will treat the request as a request to augment the record on appeal and grant the request. We also grant the January 11, 2024 motion to augment the record as to exhibits one and two, which Miceli represents to be documents already made part of the pretrial and posttrial record in the trial court. (Cal. Rules of Court, rules 8.115 & 8.610.) They are deemed part of the record on appeal. We deem the request to augment the record with Ethics Opinion No. 74 and Business and Professions Code section 6128 to be a motion for judicial notice and grant the motion. (Evidence Code, § 451.)

parties did not confer prior to the original December 2022 trial date. After the trial court continued that trial date, the parties did confer and drafted joint statements. However, when Miceli elected not to appear in person (albeit over strenuous objections) plaintiffs' counsel submitted the Local Rule 3401 statements from November regarding the evidence they intended to rely on at trial. Miceli argues those statements were perjurious and "prevented [him] from placing his . . . documents on the record." These alleged ethics violations concern conduct Miceli could have raised in his various posttrial motions seeking to overturn the verdict. Indeed, he may have done so, and the trial court may have made findings contrary to his positions. We do not know because he has not appealed those rulings, included the rulings in the record, or even designated all the relevant filings from the trial court. As a result, even after considering the supplemental documents, the record is incomplete and not adequate to assess the substance of his claims, much less to review the trial court's rulings under the appropriate standard of review. To the extent Miceli complains the plaintiffs deprived him of the chance to present his case at trial by omitting from the Local Rule 3401 statements the evidence he intended to rely on, he is mistaken. To have the court consider that evidence he would have needed to appear in person at trial and present that evidence through testifying witnesses.

D. *Attorney Fees*

Miceli also asks us to reverse the award of attorney fees and costs. However, he bases the request solely on the assumption that we will reverse the underlying judgment.

13

Since we do not reverse the judgment, he has provided no basis for reversing the award of costs and fees.

## III

## DISPOSITION

We affirm the judgment. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.